UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MCGEE,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER ENFANTE, et al.,<br><br>Defendants. | Case No.  23-cv-00375-AGT<br><br>**ORDER DENYING SEALING, RELIEF FROM JUDGMENT, AND DEFAULT JUDGMENT**<br><br>Re: Dkt. Nos. 57, 61 |

Plaintiff Anthony McGee seeks relief from judgment, sealing, dkt. 57, and default judgment. Dkt. 61. Defendants Christopher Enfante and Derrek Dagneau (collectively, Defendants) oppose relief from judgment and default judgment, seek reimbursement, and ask the Court to declare McGee a vexatious litigant. Dkts. 59 & 65. Both parties timely responded to this Court's order for further briefing. *See* dkts. 63 & 64. For the reasons that follow, the undersigned denies all requested relief.

      **I.**    **Motion to Seal Is Denied.**

McGee moves to seal "all juvenile court records" filed in this matter. Dkt. 57.

Defendants filed court records alongside motions to dismiss at dkts. 7 and 24. However, with both motions to dismiss, Defendants filed administrative motions to seal those records. *See* dkts. 8 & 23. And the Court already granted those motions to seal. *See* dkts. 16 & 40. McGee himself filed court records with his complaint. *See* dkt. 1. Similarly, the Court

already sealed the complaint and its attachments. *See* dkt. 40 at 11.[12]

As such, there appear to be no court records filed prior to the motion for sealing, let alone juvenile court records, left for the Court to seal. McGee does not point to any specific records or docket numbers. McGee's request for further sealing is therefore denied.[34]

## II.    Motion for Default Judgment Is Denied.

McGee moves for default judgment under Federal Rule of Civil Procedure (Rule) 55(b). Dkt. 61. As an initial matter, this motion was improperly noticed without a hearing date and can be denied on that basis. *See* Civil L.R. 7-2(a) ("all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the motion").

Next, Rule 55 allows for a Clerk of Court to enter default, and the Court to enter default judgment, after a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a)–(b). In this case, Defendants participated, resulting in a dismissal of this case on its merits under Rule 41(b). *See* dkts. 44 (order dismissing case) & 52 (mandate of Ninth Circuit on appeal).

---

[1] Page numbers in this order refer to the Electronic Case Filing numbers at the top of each page.

[2] McGee also writes that, "the Court . . . may also have been . . . induced to issue any rulings in the matter that revealed portions of the impermissibly filed 'juvenile court' content." Dkt. 57 at 2. To the extent that this can be construed as a request to seal the Court's orders, that request is denied. McGee fails to identify which orders he is seeking to seal and therefore fails to show grounds to keep any orders from the public. *See Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (noting the strong presumption in favor of public access). The Court notes that its orders cite to redacted versions of sealed documents. *See, e.g.*, dkt. 40.

[3] McGee ends his motion to seal with a request to seal the entire record in this case. Civil Local Rule 79-5 requires that requests to seal be narrowly tailored. *See* Civil L.R. 79-5(c)(3). A request to seal the entire record is not narrowly tailored.

[4] McGee devotes much of his motion to seal to arguing that his juvenile court records should have been destroyed pursuant to California statute. *See* dkt. 57 at 3–6. That argument is beyond the scope of this motion to seal and the undersigned declines to consider it.

Default judgment is therefore not appropriate and is denied.

### III.    Motion for Relief from Judgment Is Denied.

McGee additionally moves for relief from judgment under Rule 60(b)(3), (4), and (6). Dkt. 57 at 7. Rule 60(b)(3) allows a court to grant relief from judgment based on fraud, misrepresentation, or misconduct by an opposing party; Rule 60(b)(4) permits relief when a judgment is void. And Rule 60(b)(6) allows for relief for "any other reason that justifies relief."

McGee appears to argue first that he was not convicted of a sex-related offense and that Defendants fail to provide evidentiary support for their assertions that he was. Dkt. 57 at 10–11. He doesn't specify whether this argument allows for relief under Rule 60(b)(3), (4), or (6).

Whether or not McGee was properly convicted of a criminal offense is not before the Court in this civil case. However, for completeness, the Court can take judicial notice that McGee was convicted. *See United States v. McGee*, No. 12-cr-00052, dkt. 303 (N.D. Cal. Sept. 13, 2024) (revoking supervised release and requiring McGee to register as a sex offender until decided otherwise by Judge Chen).[5]

Defendants filed copies of police reports. Dkt. 24-1 (redacted version). It was proper for Defendants to introduce this evidence. McGee included part of the police report with his complaint and requested that the Court take judicial notice of it. *See* dkt. 1. Applying the Rule of Completeness, Defendants can introduce the entirety of the records. *See* Fed. R. Evid. 106 ("If a party introduces all or part of a statement, an adverse party may require the

---

[5] A court may take judicial notice on its own at any stage of the proceeding. Fed. R. Evid. 201(c), (d). Court filings are appropriate subjects of judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time."); dkt. 40 at 5 (noting same).

McGee next appears to allege that Defendants should not have been able to access his juvenile records. Dkt. 57 at 12–14. He again doesn't state how his argument allows for relief from judgment under Rule 60(b)(3), (4), or (6).

Specifically, McGee argues that Defendants' access to the records was barred by California Welfare and Institutions Code § 827. *Id.* at 12. However, § 827.2 allows law enforcement to disclose to the public information pertaining to a minor who was found by the court to have committed certain felonies. *See* Cal. Welf. & Inst. Code § 827.2(c). McGee was found to have committed one of the listed felonies and, as such, his records can be disclosed publicly. *See* Cal. Welf. & Inst. Code § 707(b) (enumerating felonies); dkt. 24-1 at 8 (police report explaining McGee's conviction history). Given that this information could be disclosed to a member of the public, it follows that Defendants are not barred from accessing it.

Additionally, Defendants argue in their supplemental briefing that the records at issue here are not juvenile court records. Dkt. 64. The Court agrees. The records previously filed with the Court appear to pertain to McGee's adult criminal history, though they reference juvenile offenses. As such, they are not covered by § 827. *See* Cal. Wel. & Inst. Code § 827(e) ("For purposes of this section, a 'juvenile case file' means a petition filed in a juvenile court proceeding, reports of the probation officer, and all other documents filed in that case or made available to the probation officer in making the probation officer's report, or to the judge, referee, or other hearing officer, and thereafter retained by the probation officer,

judge, referee, or other hearing officer.").[6]

Finally, McGee argues that he was never served with a petition to access his records under California Welfare and Institutions Code § 827(a)(2)(D).[7] Dkt. 57 at 15. Section 827(a)(2) sets out a protocol applicable when someone is seeking an order from the juvenile court allowing access to juvenile case files. McGee does not point to any applicable order from the juvenile court, nor to any request for such an order, and so this section appears inapplicable.

Accordingly, McGee's motion for relief under Rule 60(b) is denied in its entirety.

## IV.    Defendants' Request to Declare McGee Vexatious Is Denied.

Defendants petition the Court to declare McGee a vexatious litigant. Dkt. 59 at 17–18.

Pursuant to 28 U.S.C. § 1651(a), district courts have the power to enjoin "litigants with abusive and lengthy histories." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). However, the Ninth Circuit has cautioned that, "pre-filing orders should rarely be filed." *Id.* Prior to entering such an order, a district court must provide notice and an opportunity to be heard, develop an adequate record for review, make substantive findings of frivolousness, and narrowly tailor the order to prevent abusive litigation conduct. *See Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (setting forth the requirements that a district court must consider before imposing pre-filing restrictions).

---

[6] In his response to the Court's order for further briefing, McGee himself appears to have filed court records produced while he was a juvenile for the first time on the Court's docket. *See* dkt. 63. Since these records were filed on the Court's docket long after the filing of McGee's motion to seal, they are not subject to his motion to seal. In other words, he filed them on the Court's docket without moving to seal them. The Court will seal these records on its docket, as they contain McGee's personal information. *See* Fed. R. Civ. P. 5.2(a).
[7] McGee lists a different section of the state code, but the text that he includes matches this section of the statute.

Here, McGee has not had any opportunity, such as a hearing, to be heard on this request. As such, any declaration of vexatiousness or entry of a prefiling order would be premature. Defendants' request is denied.

**V.   Defendants' Request for Fees Is Denied.**

Defendants finally appear to seek fees. Dkt. 59 at 17. However, Defendants don't provide any authority upon which the Court might award fees. Accordingly, the request for fees is denied.

**VI.   Conclusion**

All relief is denied.

McGee is admonished against filing additional and duplicative motions in this closed case.[8] He is further advised that filings must be limited to documents permitted by the Federal Rules of Civil Procedure and the District's Local Rules. Filing of other documents, or continued excessive or duplicative filings, may result in the termination of McGee's ECF filing privileges.

This order terminates dkts. 57 & 61.

**IT IS SO ORDERED.**

Dated: January 5, 2026

Alex G. Tse
United States Magistrate Judge

---

[8] Dkt. 57, for example, is McGee's third attempt at a Rule 60 motion. *See* dkts. 53, 55, & 57.